## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CR-30075-SMY |
| | ) |
| DEREK MARSHALL and | ) |
| TERRELL MCGEE | ) |
| | ) |
| Defendants. | ) |

# ORDER

Pending before the Court are Defendant Marshall's Motion for Joinder (Doc. 30) and the Government's Motion to Transfer Location of Trial (Doc. 53). For the following reasons, the motions are **GRANTED**.

## Background

Defendants Derek Marshall, Terrell McGee, and Leslie Woods are charged in a six-count Indictment with two counts of Conspiracy to Interfere with Commerce by Robbery, two counts of Interference with Commerce by Robbery, and two counts of Carry and Use of a Firearm During a Crime of Violence (Doc. 1). The Indictment alleges that the Defendants conspired to commit and committed two separate armed robberies of the Best Stop in Cahokia, Illinois, on June 17, 2010, and the Mini Mart in Cahokia, Illinois, on July 8, 2010. The joint trial of Defendants Marshall and McGee is scheduled to begin on September 26, 2016. Defendant Woods' trial has not been scheduled.

**Joinder**

The joinder of multiple defendants in an indictment is allowed under Federal Rule of Criminal Procedure 8(b) when the Government has alleged that the defendants "have participated in the...same series of acts or transactions constituting an offense or offenses." *United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983); Fed.R.Crim.P. 8(b). Joinder under Rule 8(b) is governed by the face of the indictment. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987). The Seventh Circuit has interpreted this rule to broadly permit liberal joinder in order to enhance judicial efficiency, limit inconveniences to witnesses, avoid delays in bringing defendants to trial, and allow the "total story" to be presented to a single jury. *United States v. Stillo*, 57 F.3d 553, 556-57 (7th Cir.), *cert. denied*, 516 U.S. 945, 116 S.Ct. 383, 133 L.Ed.2d 306 (1995); *Richardson v. Marsh*, 481 U.S. 200, 209-210, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.").

Here, joinder is appropriate because the Defendants are alleged to have participated in the exact same series of acts which form the basis of the six counts charged in the two Indictments. Each count of the Indictments relate to acts committed by the Defendants in furtherance of an ongoing conspiracy. The conspiracy charges in Counts 1 and 4 serve to link the substantive counts against the Defendants, satisfying the relatedness requirement of Rule 8(b) and justifying joinder. *See Ras*, 713 F.2d at 315. Accordingly, Defendant Marshall's motion is granted.

This matter is **STRICKEN** from the final pretrial setting of September 8, 2016, and jury trial setting of September 26, 2016. Final Pretrial Conference is reset for December 15, 2016, at 9:30 a.m. and the jury trial is reset for January 9, 2017, at 9:00 a.m. before the undersigned district judge. The time from the date the original motion was filed, September 21, 2015, until

the date to which the trial is rescheduled, January 9, 2017, is excludable time for the purposes of calculating speedy trial.

**Consolidation**

Defendants Marshall and McGee were indicted in case number 15-30075-SMY. Defendant Woods was indicted and arraigned in a separate case, 15-CR-30087-MJR, which was transferred to the undersigned on July 20, 2016 (*see* 15-CR-30087-SMY, Doc. 17).  The six-count Indictment against Woods alleges the identical offenses as against Marshall and McGee. For docket control, the Court hereby consolidates case number 15-30087-SMY with case number 15-30075-SMY.  The parties are **DIRECTED** that all future pleadings shall be filed in 15-30075-SMY and shall contain that case number.

**Motion to Transfer**

The Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury "of the State *and district* wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. Amend. VI. (Emphasis added).  The United States District Court for the Southern District of Illinois has no divisions pursuant to 28 U.S.C. § 93.  As such, there is no distinction between the courthouses located in East St. Louis and Benton for purposes of a defendant's Sixth Amendment rights.

However, Rule 18 of the Federal Rules of Criminal Procedure provides that a court "must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed.R.Crim.P. 18. "A trial court has broad discretion in deciding where to fix the location of the trial which will not be overridden on appeal as long as the court gives 'due consideration' to the factors listed in Rule

18." *United States v. Balistrieri*, 778 F.2d 1226, 1229 (7th Cir. 1985) (citing *United States v. Truglio,* 731 F.2d 1123, 1130 (4th Cir.1984).  Thus, pursuant to Rule 18, the Court must weigh the convenience of the defendant and his witnesses against the prompt administration of justice and the Court's inherent power to manage itself, its resources and its caseload as it sees appropriate.

Having considered the circumstances of this particular case, the Court finds that the aforementioned relevant factors weigh in favor of holding trial at the East St. Louis courthouse. Here, most, if not all, of the witnesses who will testify in this case reside in Cahokia/East St. Louis, Illinois area or in St. Louis, Missouri.  Although the undersigned's duty station and essential chambers staff are located in Benton, the Court is persuaded that the prompt administration of justice in this case demands relocating the trial to East St. Louis.  Accordingly, the Government's motion is granted.

**IT IS SO ORDERED.**

**DATED: July 29, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

4