IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 15-CR-30075-SMY |
| ) | |
| DEREK MARSHALL and   ) | |
| TERRELL McGEE,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 15-CR-30087-SMY |
| ) | |
| LESLIE J. WOODS,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

This matter is before the Court on Defendant Terrell McGee's Motion to Continue (Doc. 100) and Motion to Sever (Doc. 101). The Government responded to the motions (Doc. 104).

McGee is a Co-Defendant with Derek Marshall and their case has been joined for trial with that of Defendant Leslie J. Woods (15-CR-30075, Doc. 19; 15-CR-30087, Doc. 30087). The case is currently set for Final Pretrial Conference on April 6, 2017 and Jury Trial on April 24, 2017. McGee seeks to have his trial severed from the trial of Marshall and Woods pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). McGee made recorded statements to law enforcement directly implicating himself and his Co-Defendants in the crimes alleged in this

case. The Government does not object to the motion and agrees that McGee's trial should be severed from the joint trial of Marshall and Woods. Accordingly, Defendant Terrell McGee's Motion to Sever (Doc. 101) is **GRANTED** and his trial shall be **SEVERED** from the trial of Defendants Marshall and Woods.

In light of the severance, the Government "elects to proceed first with the trial of Defendant McGee and thereafter proceed with the joint trial of Defendants Marshall and Woods" (Doc. 104 p. 5). In support of its "election", the Government asserts that there is a strong likelihood that McGee will be convicted and that it then intends to subsequently compel McGee's testimony in the trial of Defendants Marshall and Woods. Additionally, the Government argues that "[t]he details McGee has provided regarding all of the crimes charged is essential evidence in the Government's case in chief against Marshall and Woods and the Government would be substantially prejudiced if it were not to have the benefit of McGee's compelled testimony. Finally, the Government contends that trying McGee first is "in the interests of justice for all parties" and that it would be a more efficient use of judicial resources to compel McGee's testimony after conviction rather than prior to his trial because it would avoid additional litigation regarding the source of the evidence presented against McGee in his subsequent prosecution. McGee objects.

While the Court appreciates the Government's strategic interests in proceeding with McGee's trial first, it is not entitled to "elect" a particular trial sequence under these circumstances. It is the Court's responsibility and within its discretion to manage its docket as sees fit. More importantly, absent McGee testifying at his own trial, there are significant Fifth Amendment implications associated with the Government's intent to compel McGee to testify against his Co-Defendants. Even assuming the scenario the Government anticipates plays out,

McGee's right to invoke his privilege against self-incrimination would not be extinguished at the conclusion of his trial, and there is no indication that he would waive the privilege. In fact, he insists that he won't (Doc. 105). As to the impact on judicial resources, the Court believes that it would be a waste of judicial resources to have McGee brought into court, only to assert his Fifth Amendment privilege and to hold a hearings on the Government's attempt to compel his testimony.

For the foregoing reasons, the current Final Pretrial and Jury Trial settings will remain as to Defendants Marshall and Woods. Consistent with the above rulings and for good cause shown, Defendant McGee's Motion to Continue (Doc. 100) is **GRANTED**. As to Defendant Terrell McGee only, Final Pretrial Conference is reset for May 9, 2017 at 11:30 a.m. at the Benton Courthouse and Jury Trial is reset for May 22, 2017, at 9:00 a.m. at the East St. Louis Courthouse. Finally, Defendant McGee's Motion to be Present by Telephone for the Final Pretrial Conference (Doc. 106) is **DENIED as MOOT**. Similarly, the Government's Motion for Hearing on this matter (Doc. 107) is also **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATED: March 30, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
